June 1, 2016

Ocwen Loan Servicing
Research P.O. Box 24736
West Palm Beach, FL 33416-4736

**RE:** **Questions about loan.**
Borrowers: Daniel and Natalie Diedrich
Loan number: 70884572
Property address: W 2777 Crosstown Road, Hilbert WI 54129.

To Whom It May Concern,

This letter is to help us get answers to recent problems on our mortgage account.

On May 20, 2011, we entered into a loan modification with Ocwen that took effect on July 1, 2011. The terms of this modification were: Principal was reset to $207,456.98 at the end of the modification period. The modification period ended on July 31, 2011. The initial interest rate was 2.0%, to remain in effect until July 1, 2016. After July 1, 2016, the rate was to increase to 4.5% and remain there for the life of the loan. Ocwen set initial payments at $952.71. This consisted of $311.73 escrow and $640.98 principal and interest.

It was our understanding that our principal and interest payment would <u>remain</u> $640.98 for the life of the loan, such that after the interest rate reset to 4.5% on July 1, 2016, additional arrearages would accrue that would be added to the final balloon payment. Our understanding of the modification was that we would pay $640.98 as a principal and interest payment every month until the end of the loan, and the final payment would be all unpaid principal and interest due.

However, on 2/26/16, Ocwen sent us a notice that claimed our interest rate would reset on <u>June</u> 1, 2016, rather than July 1, 2016. The new principal and interest payment Ocwen claimed we would owe was $1,221.01, beginning on July 1, 2016; this consisted of $906.91 in what Ocwen said would be principal and interest.

Both of those adjustments seemed incorrect: the interest rate would not increase until <u>July</u> 1, 2016, and any new payments would begin on <u>August 1</u>, 2016.

Further, as we said, our understanding of the loan modification was that it kept our principal and interest payment at $640.98 for the life of the loan. However, even if the principal and interest payment would increase, we do not see how it would be $906.91.

Based on a 2% interest rate, our monthly payments from August 1, 2011 to May 31, 2011 would underpay the total interest and principal each month by $212.28; a mortgage calculator said that the payment on the new principal and 2% over 26 years would be $853.26. (The loan continued until 2037 under the modification.) This underpayment would contribute to the

EXHIBIT B

balloon payment due at the end of the note for the last payment. From August 1 2011 to May 31, 2016, we made a total of 58 payments, so the amount unpaid (and added to the balloon payment) would be $12,312.24. During this time, $19,199.07 would be applied to interest. The total of our 58 payments was $37,176.84, so the loan should reflect that all interest from July 1 2011 through June 30 2016 was paid, and $17,977.77 should have been applied to principal.

So, as of July 1, 2016, the principal should be $189,479.21 ($207,456.98- $17,977.77.) If the new interest rate of 4.5% was applied to that amount and amortized over the remainder of the loan the principal and interest payment would be $1,163.62, not $906.91.

The modification agreement does <u>not</u> say that the payment would ever increase. Even if the payment *were* to increase, the same percentage reduction should have applied to any new payments. The first modified payments were 24.8% below what a standard amortization would call for ($212.53 is 24.8% of $853.26), so after the interest rate hike, the <u>highest</u> the payment should have been is 24.8% below a standard payment; if the standard payment would be $875.04 ($1163.62 x 0.752). Again, this is lower than $906.91.

In addition, we received an escrow account disclosure statement dated March 30, 2016. This had a $619.43 "Misc Escrow Disbursement" listed on April 2015. This contributed to an escrow shortage and the notice said $734.80 was needed to make up this shortage, to be spread out over 24 months. We do not know what this "MISC" disbursement was and have never seen any proof of that payment or what it was for. It appears that this disbursement is the sole reason we now have a shortage in our escrow account.

Finally, the February notice also appeared to say that the interest rate might increase beyond 4.5%, but the modification agreement says it will never be higher than 4.5%.

This has left us not understanding how our payments have been applied, how Ocwen interpreted the loan modification, how new payments are calculated, why June 1 was set as the date on which the interest increased, why July 1 was the new payment date, what our actual balance owed is, and what we can expect in the future. We also believe that these problems may be resulting in inaccurate credit reports.

We are requesting that Ocwen provide us with:

1. A complete accounting of the loan from inception to date, showing all payments received, all moneys disbursed, application of payments, and interest rates in effect at the time of each payment.
2. A complete accounting (to the extent it is not included in the response to request 1) of the escrow account.
3. A description of what the payment of the April 2015 "MISC" escrow disbursement was including but not limited to: the person/entity it was paid to, the reason it was disbursed, and proof that the payment was made such as receipts or credits.
4. A description of how our loan was entered into Ocwen's automated system, including but not limited to (a) the employee(s) who entered the terms of the loan into the system, and (b) the interest rates and dates of change of interest rates scheduled.

5. A description of how the initial payment of principal and interest of $640.98 was arrived at, including any formulas applied to determine that amount, and an identification of any and all employees who helped determine that amount would be acceptable or demanded in the modification.
6. A description of how the new payment required by the February 2016 letter in the amount of $906.91 for principal and interest was determined, including any formulas applied to determine that amount, and an identification of any and all employees who helped determine that amount would be acceptable or demanded in the letter.
7. A total amount owed as of a date certain that is June 1, 2016, or thereafter, broken down into principal, interest, late fees, other charges or disbursements, and other amounts owed, identifying the total of each amount by category (with descriptions sufficient for us to determine what the category is) and a statement of whether each category is accruing interest.
8. The amount of the balloon payment Ocwen expects to be owed on the final payment under the modified note, and how that amount was determined.
9. A statement of whether Ocwen believed that the payment of principal and interest was fixed at $640.98 for the life of the loan, and if the answer to that is negative, a statement of any and all reasons for believing that the payment of principal and interest would change at any time, including but not limited to provision of any documents which in Ocwen's opinion support that belief, and the identification of any employees who have provided support, information or designation of documents to support that belief.
10. A statement of whether Ocwen believes the interest rate on the loan can exceed 4.5%, and if the answer is affirmative, then a statement of any and all reasons for believing that the interest rate can exceed 4.5% on this loan at any time, including but not limited to provision of any documents which in Ocwen's opinion support that belief, and the identification of any employees who have provided support, information or designation of documents to support that belief.
11. An identification of all consumer credit reporting agencies to whom Ocwen has reported our payments or loan since July 2011, and a statement of how the loan has been reported during that time, including but not limited to the amount of the loan outstanding, the payment required or expected, and whether any payments were shown as late or missing or not received, and whether the loan is reported to be in something other than good standing.

Thank you for your attention to this matter. We note that to avoid trouble we will make the payment of $906.91 beginning on July 1, 2016; however, our payment of that amount is <u>solely</u> to avoid further foreclosure and is not an agreement that the $906.91 is a proper, legal, or acceptable amount, and we retain our rights to seek a refund or other redress if it is determined that the payment requested is inaccurate, illegal, or not allowed.

    Thank you,

_____Dated:_____

Daniel Diedrich


_____Dated:_____

Natalie Diedrich