IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL AND NATALIE DIEDRICH,

   Plaintiffs,

   v.

OCWEN LOAN SERVICING, LLC,

   Defendant.

Case No. 17-cv-1104

Hon. Magistrate William E. Duffin

## DEFENDANT'S EVIDENTIARY OBJECTIONS TO SECOND DECLARATION OF ATTORNEY BRIANE F. PAGEL PURSUANT TO RULE 56(c)(2)

Defendant Ocwen Loan Servicing, LLC ("Defendant" or "Ocwen"), by and through its undersigned counsel, and for its Evidentiary Objections to the Second Declaration of Attorney Briane F. Pagel (ECF 58) pursuant to Federal Rule of Civil Procedure 56(c)(2) states:

## INTRODUCTION

Federal Rule of Civil Procedure 56(c)(2) provides:

> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

Fed. R. Civ. P. 56(c)(2).

Briane F. Pagel, counsel for Plaintiffs Daniel and Natalie Diedrich ("Plaintiffs"), submitted a Second Declaration in Support of Plaintiffs' Motion for Summary Judgment and Brief in Support ("Motion") in this cause, which attaches two documents. The following are Ocwen's objections to the Second Declaration. Ocwen reserves the right to assert additional objections should this case go to trial.

# OBJECTIONS

¶1(g). The deposition of Mr. [sic] Blanchard of Ocwen Loan Servicing, taken in *Diedrich I*.

**RESPONSE**: **Objection. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56. Affidavits of attorneys such who lack personal knowledge of information related in supporting documentation are not entitled to consideration on a summary judgment motion.** *See*, *e.g.*, *Green v. Am. Fed'n of Teachers/Illinois Fed'n of Teachers Local 604*, **No. 12 CV 1162, 2015 WL 1509776, at \*3 (N.D. Ill. Mar. 30, 2015);** *In re Lake Country Investments*, **255 B.R. 588, 595 (Bankr. D. Idaho 2000), citing** *Sellers v. M.C. Floor Crafters, Inc.*, **842 F.2d 639, 643 (2d Cir.1988);** *Roloff v. Sullivan*, **772 F.Supp. 1083, 1088–89 (N.D.Ind.1991). Mr. Pagel lacks personal knowledge regarding the statements made by Ms. Blanchard in her deposition. Fed. R. Evid. 602;** *Holloway v. Soo Line R.R. Co.*, **No. 16 CV 9191, 2018 WL 488259, at \*2 (N.D. Ill. Jan. 19, 2018), aff'd, 916 F.3d 641 (7th Cir. 2019). Objecting further, Ms. Blanchard's deposition testimony cannot be considered under Federal Rule of Civil Procedure 32(a)(8)[1] because the subject matter of Blanchard's testimony in the first lawsuit filed by Plaintiffs ("***Diedrich I***") involves a different purported QWR, and Ocwen's response thereto.**

---

[1] Rule 32(a)(8) provides: "A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(8).

¶1(h). A copy of the complaint filed by the Consumer Financial Protection Bureau against Ocwen Loan Servicing in case 17 CV 80495, UDSC S. Dist. Florida, West Palm Beach Division.

**RESPONSE**: **Objection. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56. Affidavits of attorneys such who lack personal knowledge of information related in supporting documentation are not entitled to consideration on a summary judgment motion.** *Green*, **2015 WL 1509776, at \*3;** *In re Lake Country Investments*, **255 B.R. at 595. Mr. Pagel lacks personal knowledge regarding the contents of the referenced CFPB complaint. Fed. R. Evid. 602;** *Holloway*, **No. 2018 WL 488259, at \*2. Objecting further, the copy of the referenced CFPB complaint constitutes hearsay, Fed. R. Evid. §§ 801-802, and is irrelevant based on the claims in this lawsuit. Fed. R. Evid. § 402. Defendant further objects based on lack of authentication. Fed. R. Evid. 901.**

Dated: February 21, 2020  Respectfully submitted,

 */s/ Robert W. Brunner*
Jena M. Valdetero (IL #6290948)
Robert W. Brunner (IL #6203884)
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, Illinois  60601
(312) 602-5000
jena.valdetero@bclplaw.com
robert.brunner@bclplaw.com
*Attorneys for Ocwen Loan Servicing, LLC*

3

## **CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant certifies that on February 21, 2020, the foregoing document was electronically filed and served via the Court's CM/ECF system on all counsel of record.

<i>/s/ Robert W. Brunner</i>