## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**DANIEL DIEDRICH, et al.,**

        **Plaintiffs,**

        **v.**              **Case No. 17-CV-1104**

**OCWEN LOAN SERVICING, LLC,**

        **Defendant.**

---

### ORDER

---

A jury trial in this matter is scheduled to begin on August 30, 2021. Three motions in limine remain unresolved.

### 1. Ocwen's Motion to Preclude Introduction of Undisclosed Damages

Defendant Ocwen Loan Serving, LLC asks the court to bar the plaintiffs, Daniel and Natalie Diedrich, from introducing undisclosed evidence regarding damages or evidence that they "were damaged by a fear that Ocwen would someday again raise their monthly payment …." (ECF No. 96 at 1.) At the final pretrial conference the court granted the motion with respect to undisclosed documentary evidence but permitted the Diedrichs to submit a written response regarding the request to bar the Diedrichs from introducing evidence that they suffered emotional distress because they feared

Ocwen would someday raise their monthly payment. (ECF No. 106 at 4.) They have done so. (ECF No. 108.)

In moving for summary judgment Ocwen argued that the Diedrichs failed to show that they suffered any damages as a result of Ocwen's failure to respond to their qualified written request. In denying Ocwen's motion for summary judgment the court said:

> Much of the Diedrichs' claimed stress is amorphous, contrived, and conclusory. For example, they allege that, because Ocwen raised their payment once, absent an explanation from Ocwen they are afraid that Ocwen may someday again raise the monthly payment. But no finder of fact could conclude that such a fear is reasonable. The increased payment was obviously tied to the 2016 interest rate adjustment. Because the agreement does not provide for any further adjustments to the interest rate, no reasonable person could fear further adjustments in the monthly principal and interest payment.
>
> Having said that, the court cannot conclude as a matter of law that the Diedrichs' did not suffer any emotional distress as a result of Ocwen's failure to respond to their request. As noted above, some underlying stress over a servicer's action commonly will be the impetus for a borrower's qualified written request. The Diedrichs argue, in effect, that, by not responding, Ocwen prolonged their stress. A reasonable finder of fact, they argue, could conclude that this prolonged stress is compensable as emotional distress.

*Diedrich v. Ocwen Loan Servicing, LLC*, No. 17-CV-1104, 2020 U.S. Dist. LEXIS 104327, at *32-33 (E.D. Wis. June 15, 2020).

Although never explicitly requesting it or framing their argument in such terms, the Diedrichs, in effect, ask the court to reconsider its conclusion that no reasonable finder of fact could find they reasonably feared that Ocwen would again change the

2

monthly principal and interest payment. They argue that, because Ocwen had a history of not complying with its legal obligations, even without any apparent reason to change the interest rate they could reasonably fear that Ocwen would change the principal and interest payment.

When no final judgment has been issued, a court has the inherent authority to reconsider its decisions. *Bd. of Trs. of the Univ. of Ill. v. Micron Tech., Inc.*, 245 F. Supp. 3d 1036, 1044 (C.D. Ill. 2017) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 870 (7th Cir. 2007)).

> Motions to reconsider interlocutory orders "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

*Bd. of Trs. of the Univ. of Ill. v. Micron Tech., Inc.*, 245 F. Supp. 3d 1036, 1044 (C.D. Ill. 2017).

In essence, the Diedrichs argue that, because Ocwen previously failed to comply with its legal obligations, they reasonably feared that Ocwen in the future would fail to comply with its legal obligations. The Diedrichs' emotional distress need not be strictly limited to fear of Ocwen again doing precisely what it did previously. But the fear must

nonetheless be reasonable. Having said that, reasonableness is a classic jury question. *See, e.g.*, *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004). That, of course, is not to say that a court can never conclude a question of reasonableness as a matter of law. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020) ("we may consider reasonableness as a matter of law when there are sufficient undisputed material facts to draw a conclusion").

As to whether it was reasonable for the Diedrichs to fear that Ocwen would again raise its principal and interest payment, the court in deciding the motion for summary judgment needlessly overstated the weakness of their claim. At issue on summary judgment was only whether a reasonable finder of fact could find that Ocwen's lack of a response to the Diedrichs' qualified written request resulted in emotional distress to the Diedrichs. The court concluded that a reasonable jury could so find. Therefore, it was unnecessary to have further assessed the viability of any specific theory of damages.

The court acknowledges its error in concluding as a matter of law that "no finder of fact could conclude that such a fear is reasonable." Accordingly, Ocwen's motion in limine seeking to preclude the Diedrichs from introducing evidence and arguing that they feared Ocwen would again increase their monthly payment (ECF No. 96) is **denied**. The Diedrichs may present evidence that their emotional distress included

stress from a fear that Ocwen would again increase their monthly principal and interest payment.

### 2. Motions in Limine Regarding Prior Litigation

The Diedrichs ask for an order "[p]recluding any reference to prior federal civil actions involving the plaintiffs." (ECF No. 93); *see Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583 (7th Cir. 2016). Ocwen seeks

> an order precluding Plaintiffs Daniel and Natalie Diedrich ("Plaintiffs") or their attorneys, in opening or closing statements, or through testimony or demonstratives, from arguing or introducing evidence that (1) Ocwen failed to provide a substantive response to Plaintiffs' February 25, 2013 letter regarding their home loan at issue in Diedrich I, or (2) that Ocwen has a "pattern and practice" of violating RESPA based on Diedrich I ….

(ECF No. 100 at 1.)

When the court discussed these issues with the parties at a final pretrial conference Ocwen indicated that it wished to refer to the prior federal action to explain why it failed to respond to the Diedrichs' qualified written request (its explanation being that, because of the prior case, a "litigation flag" was placed on the Diedrichs' file, which led to a breakdown in communication between departments, *see Diedrich v. Ocwen Loan Servicing, LLC*, No. 17-CV-1104, 2020 U.S. Dist. LEXIS 104327, at *4 (E.D. Wis. June 15, 2020)). For their part, the Diedrichs agreed to not refer to the prior federal litigation. Therefore, the parties' respective motions are granted and both sides are precluded from referring to the prior federal litigation between the Diedrichs and Ocwen.

Ocwen has now responded to the Diedrichs' motion and agrees not to refer to the prior federal lawsuit with the Diedrichs. (ECF No. 107 at 1-2.) It agrees to limit its explanation as to why it did not respond to the Diedrichs' qualified written request to the fact that there was a miscommunication between departments. (ECF No. 107 at 2.) However, as expressed at the final pretrial conference, the Diedrichs oppose the introduction of any explanation as to why Ocwen did not respond to their qualified written request.

Why Ocwen did not respond to the Diedrichs' letter is of marginal relevance. There is no request for punitive damages nor are there allegations that Ocwen's failure to respond was part of a pattern or practice of non-compliance with the Real Estate Settlement Procedures Act, *see* 12 U.S.C. § 2605(f)(1)(B). But the reason for Ocwen's non-compliance provides context that will assist the jury in understanding the relevant circumstances. Excluding this fact invites speculation by the jurors, which may subtly (and impermissibly) affect their assessment of any damages the Diedrichs may have suffered. Therefore, the court denies the Diedrichs' request that Ocwen be precluded from introducing any evidence as to why it failed to respond to the Diedrichs' qualified written request.

Finally, motions regarding the prior federal litigation spurred discussion at the final pretrial conference about whether and how any evidence relating to the prior foreclosure action should be admitted. Ocwen seeks to preclude the Diedrichs from

6

presenting evidence that the 2010 foreclosure suit was "wrongful." (ECF No. 107 at 2.) The Diedrichs' complaint does not allege that the 2010 foreclosure was wrongful. Nonetheless, if Ocwen initiated a wrongful foreclosure suit, it is plausible that such past wrongdoing contributed to the Diedrichs' emotional distress when Ocwen did not respond to their qualified written request that is the subject of this lawsuit.

But the Diedrichs had never previously articulated this as a theory as to how they were damaged. Permitting them to do so now, on the eve of trial, would undoubtedly prejudice Ocwen. Moreover, allowing the Diedrichs to proceed on this theory would invite a trial within a trial as to the rightfulness of the foreclosure action. In this regard, the probative value of the evidence is substantially outweighed by a danger of confusing the jury, misleading the jury, undue delay, and a waste of time. *See* Fed. R. Evid. 403. Therefore, the Diedrichs are precluded from asserting, arguing, or presenting evidence that the prior foreclosure action was wrongful.

All counsel are responsible for ensuring that their witnesses are aware of and understand the strictures of this court's order.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 23rd day of August, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge